IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES H. HAWES,

    Petitioner,

v.

STATE OF GEORGIA,

    Respondent.

CIVIL ACTION NO.: 6:18-cv-26

## **O R D E R**

This matter comes before the Court on Petitioner James Hawes' ("Hawes") Motion to Dismiss Petition, (doc. 3).[1] In his Motion, Hawes states he filed his 28 U.S.C. § 2254 Petition using the incorrect form and filed a new Section 2254 petition using the correct form, which bears Case Number 6:18-cv-48. (Id.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Court **GRANTS** Hawes' Motion and **DISMISSES** Hawes' Section 2254 Petition **without prejudice**. See Perkins v. Daniels, Civil Action No. 14-00077-WS-N, 2014 WL 4322389, at *2–3 (S.D. Ala. Aug. 29, 2014) (recognizing Rule 41(a)'s applicability to Section 2254 petitions). The Court also **DISMISSES as moot** Hawes' Motion to Add Defendants. (Doc. 4.)

---

[1] Although Hawes provided no legal basis for his Motion, the Court construes Hawes' Motion as being made pursuant to Rule 41 of the Federal Rules of Civil Procedure. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter an appropriate judgment of dismissal.

**SO ORDERED**, this 23rd day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA